**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1338 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
ss@sanjayschmidtlaw.com

**Tai C. Bogan (SBN 241784)**
**The Bogan Law Firm, APC**
615 13th Street, Suite A
Modesto, CA 95354
Phone: (209) 566-9591 x 101
Fax: (209) 566-9668
tai.bogan@theboganlawfirm.com

*Attorneys for Plaintiff*,
BRANDON GRAY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

---oOo---

| | |
|---|---|
| **BRANDON GRAY**,<br><br>        Plaintiff,<br><br>    v.<br><br>**CITY OF OAKDALE**, a municipal corporation; City of Oakdale Police Department Officers **DOES 1-10**, individually; **CITY OF MODESTO**, a municipal corporation; City of Modesto Police Department Officers **DOES 11-20**, individually; **COUNTY OF STANISLAUS**, a public entity; Stanislaus County Sheriff's Department Deputies **DOES 21-30**, individually; California Highway Patrol Officers **DOES 31-40**, individually; and, **DOES 41-100**, Jointly and Severally,<br><br>        Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983 – Civil Rights Violations<br>2. California Civil Code § 52.1 (b) – State Civil Rights Violations<br>3. Cal. Const., Art. I., § 13 Violations<br>4. Assault and Battery<br>5. False Arrest and False Imprisonment<br>6. Negligence |

-1-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

Plaintiff, BRANDON GRAY, by and through his attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and THE BOGAN LAW FIRM, APC, for his Complaint against Defendants, states as follows:

**INTRODUCTION**

On May 25, 2020, George Floyd was murdered by former Minneapolis Police Department officer Derek Chauvin, who knelt on Mr. Floyd's neck for 9 minutes and 29 seconds, as three other officers looked on and prevented concerned bystanders from intervening. A heroic young lady, one Darnella Frazier, who was only 17 years old at the time of the incident, recorded the killing on her cellular phone. As the chilling video went viral and news of the incident traveled, protests started in Minneapolis, and quickly spread nationwide – and internationally – to over 2,000 cities and towns, in over 60 countries. This incident, although not the first of its kind, symbolized a breaking point for many, and precipitated a resurgent, worldwide movement to address racial injustice and police misconduct. This movement continues to this day, at the grassroots level with protests in the streets, in statehouses, in Congress, and in the courts. There were a number of protests, rallies, and other gatherings in Northern California in the days and weeks following the killing of George Floyd, including a rally in Oakdale, California, on June 3, 2020.

This civil rights case arises out of an incident that occurred at the protest in Oakdale, on June 3, 2020, in which Mr. Gray, an African American young man, was exercising his Free Speech rights under the California and U.S. Constitutions, participating to raise awareness for social justice and the wrongful killing of George Floyd and others. One would expect that the wrongful killing of George Floyd would draw universal condemnation, but the rally in Oakdale also drew a group of aggressive counter-protesters, many of whom apparently are openly racist, who sought to clash with supporters of the Black Lives Matter ("BLM") movement. At the rally, Mr. Gray was a passenger in a vehicle that was directed by a to-be-identified police officer Defendant, likely employed by the CITY OF MODESTO, to make a turn and pull over right in front of an angry mob of counter protesters. Mr. Gray was then assaulted by a man that was part of a group of angry men standing on the street corner; these men were shouting racist slurs and epithets towards Mr. Gray and others, and one man punched Mr. Gray through the opening in the convertible vehicle. After being assaulted, Mr. Gray

-2-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

stood up in the vehicle he was in to escape the assault. He was then seized by to-be-identified police officer Defendants and then subjected to excessive force – including being struck with a police baton – and subsequently was falsely arrested by to-be identified police officer Defendants, following which he spent about 4-5 hours in-custody at the Oakdale Police Department holding facility.

People of color uniquely know how "far the daily reality of America stray[s] from the myth,"[1] including the ideals embodied in the U.S. Constitution and the Fourteenth Amendment. Here, Mr. Gray was the victim of a criminal assault, but he, nevertheless, was struck with a baton multiple times, arrested by to-be-identified police officers, and then jailed for several hours. Fortunately, the Stanislaus County District Attorney's Office did not prosecute Mr. Gray.

## JURISDICTION

1. This is a civil-rights action arising from the use of excessive force, unlawful detention, false arrest, and false imprisonment to which Defendants subjected Plaintiff, on or about June 3, 2021, which occurred in Oakdale, California.

2. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(a)(3) and (4) because this case is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§1983 and 1988. This action is brought pursuant to the First and Fourth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.

3. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT TO FRESNO DIVISION

4. A substantial part of the events and/or omissions complained of herein occurred in the City of Oakdale, County of Stanislaus, California, and, pursuant to Eastern District Civil Local Rule 120(d), this action is properly assigned to the Fresno Division of the United States District Court for the Eastern District of California.

---

[1] The phrase in quotations comes from the speech by Barack Obama, former Pres. of the United States of America, at the 2020 Democratic National Convention (Aug. 19, 2020).

-3-
Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

**PARTIES AND PROCEDURE**

5. Plaintiff BRANDON GRAY ("GRAY") is a citizen of the United States, a competent adult, and a resident of the State of California.

6. Defendant CITY OF OAKDALE ("OAKDALE") is a municipal corporation, established by the laws and Constitution of the State of California, which owns, operates, manages, directs, and controls the OAKDALE POLICE DEPARTMENT ("OPD"), and is the employer of the to-be-identified DOE Defendants 1-10. Under its authority, OAKDALE operates the OPD.

7. Defendant CITY OF MODESTO ("MODESTO") is a municipal corporation, established by the laws and Constitution of the State of California, which owns, operates, manages, directs, and controls the MODESTO POLICE DEPARTMENT ("MPD"), and is the employer of the to-be-identified DOE Defendants 11-20. Under its authority, MODESTO operates the MPD

8. Defendant STANISLAUS COUNTY ("COUNTY") is a public entity, a general law county established by the laws and Constitutions of the State of California, which owns, operates, manages, directs, and controls the Stanislaus County Sheriff's Department ("SCSD"), and is the employer of the to-be identified DOE Defendants 21-30. Under its authority, the COUNTY operates the SCSD.

9. The STATE OF CALIFORNIA ("STATE") is a public entity, duly organized and existing under the laws of the State of California, and is the employer of the to-be-identified California Highway Patrol Officers named as DOE Defendants 31-40. The California Highway Patrol ("CHP") is operated under its authority. The STATE is not named as a Defendant.

10. DOES 1-10 were at all material times employed as law enforcement officers by Defendant OAKDALE, and were acting in the course and scope of that employment at all material times.

11. DOES 11-20 were at all material times employed as law enforcement officers by Defendant MODESTO, and were acting in the course and scope of that employment at all material times.

12. DOES 21-30 were at all material times employed as law enforcement officers by Defendant COUNTY, and were acting in the course and scope of that employment at all material times.

13. DOES 31-40 were at all material times employed as law enforcement officers by the STATE, and were acting in the course and scope of that employment at all material times.

-4-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

14. DOE Defendants 41–60 were and/or are and/or may be to-be-identified employees and/or agents of another municipality or municipalities, and at all material times acted within the course and scope of that employment.

15. DOE Defendants 61-80 are any other, to-be-identified municipalities that employed any individuals whose tortious and/or constitutionally violative conduct gave rise to Plaintiff's claims.

16. DOE Defendants 81-100 are of unknown capacities, whether individual, corporate, associate, or otherwise.

17. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1 through 100 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

18. The California Constitution, Article 1, Section 3, provides that, "[t]he people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny." Recognizing the "fundamental and necessary right" of access to information concerning the conduct of the people's business, the Legislature enacted the California Public Records Act ("CPRA"), which ensures the public's access to this information. *See* CAL. GOV'T CODE § 6250.

19. Plaintiff, through his counsel, Mr. Bogan, submitted a request to the various municipalities that are believed to employ law enforcement personnel that were present at – and involved with – the incident for records under the CPRA, seeking all documentation and evidence regarding the incident that occurred on June 3, 2020. To date, the municipalities have either ignored the requests or asserted various, boilerplate privileges and exemptions.

20. The municipality Defendants, and each of them, as well as the CHP, have been completely opaque and have refused to produce any records whatsoever, including even records reflecting the identities for the employees that were involved in the incident that precipitated this suit. Despite being served with formal CPRA requests for these records, the municipalities and the CHP have

-5-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

refused to provide any records whatsoever. Consequently, the individuals whose acts and/or omissions gave rise to Plaintiff's claims are presently named as DOE Defendants.

21. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.

22. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

23. Plaintiff GRAY is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

24. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged.

25. At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant in the events and violations of rights described herein, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

26. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

27. Plaintiff timely and properly presented a Government Code claim, pursuant to California Government Code § 910 *et seq.*, and this action is timely filed within all applicable statutes of limitation.

28. This Complaint is pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

29. Plaintiff re-alleges each and every paragraph in this complaint, as though fully set forth here.

-6-
Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

30. There were a number of protests, rallies, and other gatherings in Northern California in the days and weeks following the killing of George Floyd; a rally in Oakdale, California, was planned for June 3, 2020. This event was organized by supporters of the Black Lives Matter movement.

31. On June 2, 2020, the local newspaper, the Oakdale Leader, published a statement by the Chief of the Oakdale Police Department, Scott Heller, which provided in part as follows:

> "Based on the information we have; we believe this will be a peaceful protest. Our department is continually monitoring and assessing the event. We support the right to free speech and will provide a safe environment for everyone's voices to be heard," the chief added. "I also want to assure our community that we are ready and prepared for any unforeseen circumstances or any last-minute changes. I am fully confident that we have the necessary resources to protect our community.
>
> Many of you have asked what can you do? You can continue with your usual plans for the day, be it going to work or outside with your family. What I do ask ... is that you help us keep the peace. This is a difficult time for our community and our country. Oakdale is a tight-knit community. We have met challenges in the past and will get through this – together."
>
> Chief Heller went on to say that:
>
> "We will have a presence in the plaza during the event," Heller explained. "We want to get the message out, we're confident we're prepared. We also have the benefit of working regionally with other law enforcement partners."
>
> https://www.oakdaleleader.com/news/police-chief-posts-message-community-facebook/ <last visited July 10, 2021>.

32. On June 3, 2020, the Black Lives Matter rally took place, as planned, in Oakdale California. Both protesters and counter-protesters gathered.

33. During the protest, the Oakdale Police Department took to social media to inform people that the protest remained peaceful.

34. Police officers from various law enforcement agencies in the area were present, including the Oakdale Police Department, Modesto Police Department, Stanislaus County Sheriff's Department, California Highway Patrol, and possibly other, presently unknown agencies.

35. The main area of the protest was a business district on East F Street, in Oakdale, which is also State Highway 120; this roadway was open to travel during the protest.

36. Shortly before the incident, Plaintiff GRAY was a passenger in a black, convertible, Ford Mustang, with 3 other males, traveling westbound on East F Street.

-7-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

37. As the Mustang approached North Second Street, there was a group of counter-protesters outside, but there were also police officers from various agencies present.

38. The counter-protesters were on the passenger's side (the right side) of the Mustang, and police officers were on both sides of the Mustang.

39. A police officer from a to-be-determined agency, referred to herein as Unknown Agency Officer #1, presently named in this complaint as a DOE Defendant, was near this intersection, and pointed in a direction to suggest to the driver of the Mustang to turn northbound on North Second Street, which would keep the Mustang near the counter-protesters.

40. After Unknown Agency Officer #1 directed the Mustang to turn to the right, a second police officer from a to-be-determined agency, referred to herein as Unknown Agency Officer #2, got in front of the Mustang, and directed the Mustang northbound on North Second Street.

41. Thus, one police officer told the Mustang to turn, and another told the vehicle to stop. This caused confusion on the part of the driver of the Mustang.

42. As this was happening, the counter-protesters were yelling racial slurs, including slurs directed at the Plaintiff and others in his vehicle.

43. As the Mustang proceeded to turn onto North Second Street as directed, the angry group of counter-protesters started to shout at Gray and the others in the Mustang, at which point a counter-protester physically attacked the passengers in the Mustang, including Mr. Gray.

44. Immediately and almost simultaneous with the attack, Unknown Agency Officer #2 got into the path of travel of the Mustang, even touching the hood of the Mustang, ensuring that the Mustang would stop.

45. The Mustang was stopped by Unknown Agency Officer #1 and Unknown Agency Officer #2 at a location where angry counter-protesters were located and began to attack the people inside the Mustang, where Mr. Gray was still seated.

46. After Mr. Gray was attacked inside the stopped Mustang, he attempted to escape the attack by standing up inside the convertible Mustang.

47. After Mr. Gray stood up, Unknown Agency Officer #2 grabbed Gray from behind, and swung him around by pulling Mr. Gray from behind by the back of his belt or pants.

-8-
Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

48. Since Mr. Gray was able to see that the person swinging him around was a police officer, he put his hands in the air and submitted to Unknown Agency Officer #2.

49. After Mr. Gray submitted to Unknown Agency Officer #2, a third police officer from a to-be-determined agency, referred to herein as Unknown Agency Officer #3, came to assist in pushing Mr. Gray up against the driver's side of the Mustang.

50. Immediately after Mr. Gray was pushed to the driver's side of the Mustang, an unknown intermeddler from the protest pushed his way toward Mr. Gray and grabbed Gray from behind, as Unknown Agency Officer #1 and Unknown Agency Officer #2 were holding Gray against the Mustang.

51. After the intermeddler grabbed Gray, Stanislaus County Sheriff's Department Deputy DOE 21 ("SCSD DOE 21") began to use physical force with Mr. Gray.

52. As Unknown Agency Officer #1, Unknown Agency Officer #2, SCSD DOE 21, and the intermeddler were grabbing, pushing, and assaulting Gray, City of Modesto Police Department Officer DOE 11 ("MPD DOE 11") began hitting both Mr. Gray and the intermeddler with an ASP (an expandable baton) or another type of police baton.

53. The intermeddler was taken to the ground by various police officers.

54. Mr. Gray was then struck again by MPD DOE 11 with an ASP or another type of police baton.

55. Mr. Gray's hands were up and visible, and he went to the ground as directed.

56. However, as Mr. Gray was on the ground and defenseless, MPD DOE 11 continued to strike Mr. Gray about his body with the ASP or other police baton.

57. Prior to being struck, and as Mr. Gray was being struck by MPD DOE 11, Gray was wearing his white head dress, which clearly identified him as the victim of the initial attack.

58. Mr. Gray was handcuffed and arrested by City of Oakdale Police Department Officer DOE 1, and brought to a holding cell at the Oakdale Police Department.

59. Mr. Gray was in custody for 4-5 hours at the Oakdale Police Department.

60. At the OPD station, various police officers, DOES 1-10, threatened to charge Plaintiff with assault, falsely claiming he had been driving a vehicle, despite the fact that he had been a passenger.

-9-
Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

61. A female OPD officer asked if Plaintiff could be released, but a male OPD officer said, "no, he is going to jail."

62. Mr. Gray's family came to the police station and informed OPD officers that they had a video, which showed Mr. Gray was the victim. Initially, OPD officers DOES 1-10 at the station refused to watch the video. After some time passed, the officers eventually watched the video. Nevertheless, he was not released after the officers viewed the video.

63. Mr. Gray was kept in handcuffs at the police station for a period of time before being placed in a holding cell.

64. Demonstrating their reckless disregard for the rights and safety of Plaintiff, at first, OPD officers DOES 1-10 at the station were going to put Mr. Gray in the same holding cell as the man who had assaulted him, but the arrestees in the other cell told the officers to put Mr. Gray in the cell with the instead.

65. Mr. Gray was held in a cell with approximately five other arrestees, who had been arrested at the protest.

66. While being held at the OPD police station, Mr. Gray and others that were being held asked for masks, so they could try to protect themselves from a COVID-19 infection (as directed by public health officials), but OPD officers DOES 1-10 refused to provide the arrestees with masks.

67. On information and belief, the use of excessive force was employed by the to-be-identified Defendant or Defendants, and/or Mr. Gray was arrested, in part, in retaliation for Plaintiff's exercise of his free speech rights, expressing criticism of the police.

68. The to-be-identified DOE Defendants that were directly involved with the use of excessive force and false arrest of Plaintiff, as well as those who were in a position to stop the use of excessive force and arrest, but failed to intervene, who are thus liable as integral participants, directly inflicted, or through their inaction and/or indifference allowed others to inflict, injuries on Plaintiff.

69. The to-be-identified DOE Defendants unlawfully seized and used excessive force against Plaintiff. In addition, other employees as well as supervisors employed by the OPD, MPD, SCSD, CHP, and DOE employees, whose identities are presently unknown to Plaintiff, were integral

-10-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

participants, failed to properly supervise, failed to intervene, or may have acted in concert with others and/or attempted to cover up illegal and unconstitutional conduct.

70. With respect to any violations committed by one officer, where another was close enough and had sufficient time to stop the violations, but failed to do so, they failed to intervene and are liable for both their own violations and as integral participants of one another's violations.

71. The involved OPD, and/or MPD, and/or SCSD, and/or CHP, and/or other DOE Defendants, by their conduct described herein, caused Plaintiff to be subjected to the use of excessive force and falsely arrested. These Defendants violated Plaintiff's rights by their own conduct, and/or by setting in motion a series of acts by others which each Defendant knew or reasonably should have known would cause others to inflict the constitutional injury.

72. In an effort to try to justify the use of excessive force on Plaintiff and subsequent arrest of Plaintiff, to-be-identified DOE Defendants manufactured allegations that Mr. Gray had violated California Penal Code § 148(a)(1). Consequently, when he was released from custody at the OPD on his own recognizance, an OPD officer issued him a citation for a violation of California Penal Code § 148(a)(1)[2] with the hope that the Stanislaus County District Attorney's Office would file a complaint against Plaintiff for this charge.

73. This is an example of, "hurt a person – charge a person," a law enforcement practice, pursuant to which if a police officer wrongly hurts or arrests an individual, the officer(s) will then claim the arrestee was guilty of a violation of Penal Code § 148(a)(1), assaulted them, or resisted arrest, and seek to secure the filing and prosecution of criminal charges against the person based on fabricated charges of "resisting arrest" or other such charges. Officers seek the filing and prosecution of such charges (and/or other charges) with the belief that an arrest or conviction for these charges will both corroborate their fabricated, false, or exaggerated allegations, and also will prevent the person from suing for their injuries and harms wrongfully inflicted by the officers. Tolerating or condoning "hurt a person – arrest a person" – and/or – "hurt a person – charge a person" encourages

---

[2] Cal. Pen. Code § 148(a)(1) reads: Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician, as defined in Division 2.5 (commencing with Section 1797) of the Health and Safety Code, in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.

-11-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

officers to use excessive force, and/or to falsely arrest persons, and/or to falsely arrest or seek the filing of charges against victims of misconduct.

74. The Stanislaus County District Attorney's Office never filed any charges against Mr. Gray.

75. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

76. Plaintiff sustained fear, anxiety, emotional distress, and economic and noneconomic damages, for which he has received medical treatment, and incurred medical bills.

77. As a direct and proximate result of each Defendant's acts and/or omissions, as set forth above, Plaintiff sustained the following injuries and damages, past and future, including, but not limited to:

    a. Hospital and medical expenses for past treatment;

    b. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

    c. Violations of – and deprivations of – state and federal constitutional rights;

    d. All other legally cognizable special and general damages; and,

    e. All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – FIRST AND FOURTH AMENDMENT VIOLATIONS)
### PLAINTIFF AGAINST DEFENDANTS DOES 1-60

78. Plaintiff re-alleges each and every paragraph in this Complaint, as though fully set forth here.

79. By the actions and omissions described above, Defendants DOES 1-60 violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution:

    a) The right to free expression, as secured by the First Amendment;

-12-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

b) The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

c) The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or public employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;

d) The right to be free from excessive and unreasonable force, as secured by the Fourth Amendment;

e) The right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment; and,

f) The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment;

80. Plaintiff sustained injuries and damages as set forth at ¶ 77, above, as a direct and proximate result of Defendants' actions and/or omissions.

81. Defendants subjected Plaintiff to their wrongful conduct, and deprived Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

82. The conduct of Defendants DOES 1-60 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.

83. Plaintiff is also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable California codes and law.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 – BANE ACT)**
**PLAINTIFF AGAINST DEFENDANTS OAKDALE, MODESTO, COUNTY, and DOES 1-80**

84. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

85. By their acts, omissions, customs, and policies, each Defendant, acting in concert/conspiracy, as described above, interfered with, and/or attempted to interfere with, and violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

a) The right to free expression, as secured by the First Amendment;

-13-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

  b) The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

  c) The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or public employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;

  d) The right to be free from excessive and unreasonable force, as secured by the Fourth Amendment;

  e) The right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment; and,

  f) The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment;

  a) The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

  b) The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13; and,

  c) The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

86. Alternatively, or concurrently, the threat, intimidation, and coercion described herein was not necessary or inherent to Defendants' violation of Plaintiff's rights, nor to any legitimate law enforcement activity.

87. Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

88. Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 are not sued directly in this cause of action, but are named because they are liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

89. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 77, and to punitive damages against the individual Defendants and DOES 1–60 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law,

-14-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

including costs, attorneys' fees, three times actual damages, and civil penalties. No punitive damages are sought against Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 directly.

**THIRD CAUSE OF ACTION**
**(CAL. CONST., ART. I, § 13)**
<u>**PLAINTIFF AGAINST DEFENDANTS OAKDALE, MODESTO, COUNTY,**
**and DOES 1-80**</u>

90. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

91. The excessive force and false arrest and false imprisonment of Plaintiff, and/or the wrongful setting into motion of the chain of events that led to the excessive force used on Plaintiff, and false arrest and false imprisonment of Plaintiff, as well as the other liberty deprivations that occurred, violated Plaintiff's rights under Article I, § 13 of the California Constitution, thereby entitling Plaintiff to damages.

92. Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 are not sued directly in this cause of action, but are named because they are liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

93. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 77. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

94. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 directly.

**FOURTH CAUSE OF ACTION**
**(ASSAULT AND BATTERY)**
<u>**PLAINTIFF AGAINST DEFENDANTS OAKDALE, MODESTO, COUNTY,**
**and DOES 1-80**</u>

95. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

-15-
Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

96. By the acts of the to-be-identified Defendants DOES 1-60, as alleged herein, Plaintiff was subjected to an assault and battery, thereby entitling Plaintiff to damages pursuant to California law.

97. The aiding and abetting and/or failure to intervene and/or failure to prevent this assault and battery gives rise to liability on the part of the other individually named and/or DOE Defendants.

98. Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 are not sued directly in this cause of action, but are named because they are liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

99. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 77. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

100. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 directly.

**FIFTH CAUSE OF ACTION**
**(FALSE ARREST AND FALSE IMPRISONMENT)**
**PLAINTIFF AGAINST DEFENDANTS OAKDALE, MODESTO, COUNTY, and DOES 1-80**

101. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

102. By the above-described acts and/or omissions of DEFENDANTS DOES 1-60, as alleged herein, and/or failures to supervise and/or failure to institute and execute adequate training and policies, Plaintiff was falsely arrested and falsely imprisoned, thereby entitling Plaintiff to damages, pursuant to California law.

103. The aiding and abetting and/or failure to intervene and/or failure to prevent this false arrest and imprisonment gives rise to liability on the part of other, to-be-identified DOE Defendants.

104. Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 are not sued directly in this cause of action, but are named because they are liable under California Government Code § 815.2 for

-16-
Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

injury proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

105. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 77. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

106. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 directly.

**SIXTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**PLAINTIFF AGAINST DEFENDANTS OAKDALE, MODESTO, COUNTY,**
**and DOES 1-80**

107. Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

108. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

109. At all times, each Defendant owed Plaintiff the duty to act with reasonable care. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include, but are not limited to, the following specific obligations:

   a. to refrain from using, or causing to be used, excessive and/or unreasonable force against Plaintiff;
   b. to refrain from falsely arresting and/or falsely imprisoning Plaintiff, or causing Plaintiff to be falsely arrested or falsely imprisoned;
   c. to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;
   d. to refrain from abusing the authority granted to them by law;

-17-
Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

  e. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, as well as those rights secured by California common or statutory law, and as otherwise protected by law.

110. Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 include, but are not limited to, the following specific obligations:

  a. to properly and adequately hire, investigate, train, supervise, monitor, and discipline their employees, agents, and/or police officers to ensure that those employees/agents/officers refrain from the use of inappropriate and excessive force;

  b. to properly and adequately hire, investigate, train, supervise, monitor, and discipline their employees, agents, and/or police officers to ensure that those employees/agents/officers refrain from falsely arresting and falsely imprisoning people;

  c. to properly and adequately hire, investigate, train, supervise, monitor, and discipline their employees, agents, and/or police officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

  d. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

  e. to refrain from making, enforcing, and/or tolerating wrongful policies and customs.

111. Defendants, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to Plaintiff.

112. Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 are vicariously liable, pursuant to California Government Code § 815.2.

113. As a direct and proximate result of the Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 77, and to punitive damages against the individual Defendants. No punitive damages are sought against Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 directly.

//

//

-18-
Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

a. Compensatory damages in an amount according to proof and which is fair, just and reasonable;

b. Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendants OAKDALE, MODESTO, COUNTY, and DOES 61-80 directly);

c. For attorney's fees and costs of suit under 42 U.S.C. § 1988;

d. For attorney's fees and costs of suit under California Civil Code §§ 52 (b)(3) and 52.1(i);

e. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Code of Civil Procedure § 1021.5, California Civil Code §§ 52 et seq. and 52.1, and as otherwise may be allowed by California and/or federal law; and,

f. For such other and further relief as this Court may deem appropriate, just, or proper.

**JURY TRIAL DEMAND**

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure, for all claims triable of right by a jury.

Dated:  July 12, 2021          **LAW OFFICE OF SANJAY S. SCHMIDT**
                               **-and-**
                               **THE BOGAN LAW FIRM, APC**


                               */s/ Sanjay S. Schmidt*
                               By: Sanjay S. Schmidt
                               Attorneys for Plaintiff,
                               BRANDON GRAY

-19-

Complaint for Damages and Demand for Jury Trial
*Gray v. City of Oakdale, et al.*
USDC (E.D. Cal.) Case No.